IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:12-CR-0022-RWS-JCF |
| THOMAS COLEY and JESSI CASTILLO | : | |

## <u>NON-FINAL REPORT AND RECOMMENDATION</u>

This case is before the Court on the motions to sever filed by Defendants Thomas Coley (Doc. 218) and Jessi Castillo (Doc. 256). Defendant Coley moves to sever his trial from those of his co-defendants "recently added to the case by the superseding indictment of January 16, 2013, including defendants Gregorio de la Paz, Josue Guerrero, David Rizo-Troncoso, and Jessi Castillo." (Doc. 218, Coley Mot. at 1). Defendant Castillo, on the other hand, moves to sever his trial from those of his co-defendants who were "initially indicted on August 14, 2012, including defendants Davey Honeycutt, Brandon Musser, Thomas Coley, Phillip Honeycutt and Phillip Alexander." (Doc. 256, Castillo Mot. at 1). Defendants have not shown that joinder is improper under Rule 8(b), nor have they shown at this stage that they will suffer compelling prejudice if they are tried jointly with their co-defendants. Therefore, it is **RECOMMENDED** that Defendants' motions be **DENIED without prejudice** as discussed below.

1

## Background

An Indictment filed August 14, 2012 (Doc. 1) charged Defendants Coley, Davey Honeycutt, Phillip Honeycutt, Musser, and Alexander with conspiring to aid and abet, and/or aiding and abetting "Michael Griffin, a/k/a Griff," in the possession or attempted possession of cocaine with the intent to distribute on specified dates. (*See* Counts One, Two, Three, and Four). As has been noted previously, the underlying charges stem from an FBI undercover investigation into alleged criminal activities by members of the Outlaw Motorcycle Club and affiliated motorcycle clubs in north Georgia. (*See, e.g.*, Doc. 116, Gov't Br. at 2). The Government claims Defendants agreed to provide security for a series of meetings involving potential drug transactions. (*See, e.g.*, Doc. 113, Gov't Br. at 3-4; Doc. 116, Gov't Br. at 16-18).

On January 16, 2013, the Government filed a Superseding Indictment. (Doc. 154). Counts One and Two of the Superseding Indictment continue to charge Defendants Coley, Davey Honeycutt, Phillip Honeycutt, and Musser with conspiring to aid and abet, and/or aiding and abetting "Michael Griffin, a/k/a Griff," in the possession or attempted possession of cocaine with the intent to distribute on specified dates. Counts Three and Five now charge Defendants Musser, Phillip Honeycutt, Phillip Alexander, Gregorio de la Paz, Josue Guerrero, David Rizo-Troncoso, Coley, and Jessi Castillo with conspiring to aid and abet

2

"Griff," or aiding and abetting "Griff," in the possession or attempted possession of cocaine with the intent to distribute.  Defendants de la Paz, Guerrero, Rizo-Troncoso, and Castillo were not charged in the original Indictment.  Defendants Coley and Castillo are not charged in Counts Four, Six, Seven, and Eight of the Superseding Indictment, which charge some of their co-defendants with drug, firearm, and immigration offenses.

Defendant Coley filed a motion to sever on February 26, 2013 (Doc. 218), and the Government filed a response on March 14, 2013 (Doc. 252).  Defendant Coley did not file a reply.  Defendant Castillo filed a motion to sever on March 21, 2013 (Doc. 256), and the Government filed a response on April 3, 2013 (Doc. 263).  Defendant Castillo has informed the Court he does not intend to file a reply. Briefing is therefore complete, and the undersigned now considers the merits of Defendants' motions.

## Discussion

Defendant Coley contends that his trial should be severed from that of his recently added co-defendants, i.e., Defendants de la Paz, Guerrero, Rizo-Troncoso, and Castillo, on the grounds "that the government engages in unfair charging and trial tactics by grouping defendants as it does, and that trying this group would result in unfair prejudicial overspill as to Coley."  (Doc. 218, Coley Mot. at 1). Defendant Castillo contends that his trial should be severed from the originally

indicted Defendants, i.e., Davey Honeycutt, Phillip Honeycutt, Musser, Coley, and Alexander, on the same grounds.  (*See* Doc. 256, Castillo Mot. at 1).[1]  It appears that Defendants are seeking severance pursuant to Federal Rule of Criminal Procedure 14, in order to alleviate prejudicial joinder.   The undersigned also considers whether joinder of these Defendants is proper under Federal Rule of Criminal Procedure 8(b).

## I.      Joinder Under FED. R. CRIM. P. 8(b)

Rule 8(b) allows defendants to be charged together, and provides as follows:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.   The defendants may be charged in one or more counts together or separately.   All defendants need not be charged in each count.

FED. R. CRIM. P. 8(b).   The Government contends that Defendants are properly joined under Rule 8(b) because Defendants are charged in a common conspiracy count.   (*See* Doc. 252, Gov't Br. at 3; Doc. 263, Gov't Br. at 3).   Defendants did not file a reply and have not refuted the Government's articulated rationale for joining these Defendants for trial.   Moreover, because the Superseding Indictment charges the originally indicted Defendants with conspiring with the newly added

---

[1] Defendants' motions are almost identical, except that Coley seeks severance of his trial from that of the defendants added in the Superseding Indictment, and Castillo seeks severance of his trial from that of the defendants who were included in the original Indictment.

4

Defendants, joinder of these co-defendants appears proper under Rule 8(b).  *See United States v. Pepe*, 747 F.2d 632, 650 (11th Cir. 1984) (explaining that the general rule is "that coconspirators should normally be tried jointly"). Accordingly, to the extent that Defendants seek severance of their trial on the ground that joinder under Rule 8(b) is improper, it is **RECOMMENDED** that Defendants' motions be **DENIED**.

## II.   Severance Pursuant to FED. R. CRIM. P. 14

Rule 14 provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  *See* FED. R. CRIM. P. 14(a).  A court addressing a motion for severance under Rule 14 is to "balance the rights of the defendants and the government to a trial that is free from the prejudice that may result from joint trials against the public's interest in efficient and economic administration of justice."  *United States v. Novaton*, 271 F.3d 968, 989 (11th Cir. 2001) (quoting *Pepe*, 747 F.2d at 649).  The Supreme Court has recognized "a preference in the federal system for joint trials of defendants who are indicted together."  *See Zafiro v. United States*, 506 U.S. 534, 537, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993).

The Eleventh Circuit has noted that "[i]nherent in every joint trial is, of necessity, some degree of bias."  *United States v. Lippner*, 676 F.2d 456, 464 (11th

Cir. 1982) (quotation omitted).  The court explained in *Lippner* that "a severance under Rule 14 is discretionary with the trial judge," and "[o]nly in the event such prejudice appears to be compelling does severance become warranted."  *Id.* at 464 (quotation omitted).  The test for "compelling prejudice" involves assessing

> [w]hether under all circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct.  In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him?  If so, though the task be difficult, severance should not be granted.

*Id.* (quotation omitted).  "The burden is on the defendant to demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of his defense." *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997) (quotation omitted). "This is a heavy burden, and one which mere conclusory allegations cannot carry." *United States v. Walser*, 3 F.3d 380, 386 (11th Cir. 1993) (quotation omitted). Furthermore, "[i]n order to overcome [the] presumption [that coconspirators should be tried together] and to establish that severance of Defendants is mandated pursuant to Rule 14, Defendant must not only show specific prejudice but also that 'there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.' "  *United States v. Villa[n]ueva Pineda*, No. 1:11-CR-00006-

6

CAP-JFK, 2012 U.S. Dist. LEXIS 98692, at *156 (N.D. Ga. June 4, 2012) (quoting *United States v. Blankenship*, 382 F.3d 1110, 1123 (11th Cir. 2004)), *adopted by* 2012 U.S. Dist. LEXIS 98192 (N.D. Ga. July 16, 2012).

Defendants assert that the Court should sever their trials because the originally indicted Defendants are "differently situated" from the newly added Defendants, who are "not among the motorcycle club members and affiliates who make up the rest of the defendants under these indictments." (Doc. 218, Coley Mot. at 2; Doc. 256, Castillo Mot. at 2). Defendants contend that the newly indicted Defendants "are similarly situated only in the sense that they, too, appear to have been indicted because of a government-planned and –executed operation to which they were invited as unwilling dupes." (Doc. 218, Coley Mot. at 2; *see also* Doc. 256, Castillo Mot. at 2). Defendants argue that "[p]rejudicial overspill" will result because the jury will attach inculpatory evidence relating to one group of defendants to the other defendants, unrelated to one another "other than through government-arranged and –initated connections." (Doc. 218, Coley Mot. at 3-4; *see also* Doc. 256, Castillo Mot. at 4).

The undersigned finds that Defendants have not shown specific prejudice resulting from a joint trial, nor have they shown a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Villa[n]ueva*

*Pineda*, 2012 U.S. Dist. LEXIS 98692, at * 156.   Although Defendant Coley asserts that a joint trial will prejudice his ability to present his defenses, particularly those relating to the Government's alleged over-involvement in the crimes charged in the indictment (*see* Doc. 218, Coley Mot. at 3), he has not shown how the joint trial of alleged drug co-conspirators, including both members of a motorcycle club and others, harms his ability to present those defenses. Furthermore, to the extent that Defendants are concerned about the jury's ability to distinguish between the evidence against each Defendant and that against his co-defendants, "[a] disparity in the evidence admissible against one defendant as compared to his co-defendant is not a sufficient basis for a severance."   *United States v. Goduto*, No. 1:11-CR-230-JEC-GGB, 2011 U.S. Dist. LEXIS 152750, at *6-7 (N.D. Ga. Nov. 29, 2011), *adopted by* 2012 U.S. Dist. LEXIS 12723 (N.D. Ga. Feb. 2, 2012).   Critically, as the Government points out, Defendants have not provided this Court with a basis for concluding that the jury will not be able to follow the Court's instructions, including those governing the jury's consideration of evidence as to each defendant.   *See id.* at *6-7.   Many jury instructions are designed to mitigate the potential prejudicial effect of jointly trying defendants. For example, as pointed out by the Government in its response to Defendants' motions, the Eleventh Circuit Pattern Jury Instructions for Criminal Cases include instructions on requiring the jury to consider each charge against each defendant

8

separately, and directing the jury that a conclusion that one defendant's guilt should not affect the jury's verdict as to other defendants.  *See, e.g.*, *United States v. Lisbon*, 835 F. Supp. 2d 1329, 1371 (N.D. Ga. 2011) (considering pattern jury instructions in concluding severance was not warranted).  If needed, the trial court has the authority to craft additional limiting instructions.

Furthermore, if Defendants demonstrate compelling prejudice at trial, the trial court can order that the trials of the defendants be severed.  *See, e.g.*, *United States v. Kopituk*, 690 F.2d 1289, 1316 (11th Cir. 1982) (noting that the trial court has a "continuing duty at all stages of the trial to grant a severance if prejudice does appear" (internal quotation omitted)); *United States v. Hughes*, No. 2:08-CR-0019-RWS-SSC, 2008 U.S. Dist. LEXIS 109585, at *11 (N.D. Ga. Oct. 3, 2008) ("Should it become apparent at a later point in the prosecution of this case that prejudice to Defendant from trial of all [defendants] together is 'clearly beyond the curative power of a cautionary instruction,' Defendant may renew his motion."), *adopted by* 2009 U.S. Dist. LEXIS 69023 (N.D. Ga. Aug. 4, 2009).  Because the undersigned finds that Defendants have not shown at this point that compelling prejudice will result from a joint trial with their co-defendants, it is **RECOMMENDED** that Defendants' motions to sever (Docs. 218, 256) be

**DENIED without prejudice** to their right to renew their motions if circumstances at trial support severance.[2]

<u>**Summary**</u>

It is **RECOMMENDED** that the motions to sever filed by Defendants Coley and Castillo (Docs. 218, 256) be **DENIED without prejudice**.

**IT IS SO REPORTED AND RECOMMENDED** this  11th  day of April, 2013.

 /s/  J. CLAY FULLER
J. CLAY FULLER
United States Magistrate Judge

---

[2] Defendants also request that the Court hold an evidentiary hearing on their motion to sever, and assert that the Government "should be required to provide discovery to [Defendants] that is related to the additional co-defendants." (Doc. 218, Def. Br. at 4; Doc. 256, Def. Br. at 4). Defendants have not provided any basis for these requests, nor have they shown that a hearing or additional discovery is necessary to resolve the instant motion.